In the United States District Court
For the Southern District of Georgia
Savannah Division

| | |
|---|---|
| **Rebecca Brooks**, **Stuart Abel, III,** **James Martin, III,** and **Nicole Martin,** | |
| *Plaintiffs,* | |
| *v.* | |
| **Thomas Mahoney III**, in his official capacity as Chairman of the Chatham County Board of Elections, **Marianne Heimes**, in her official capacity as a Board Member of the Chatham County Board of Elections, **Malinda Hodge**, in her official capacity as a Board Member of the Chatham County Board of Elections, **Antwan Lang**, in his official capacity as a Board Member of the Chatham County Board of Elections, **Debbie Rauers**, in her official capacity as a Board Member of the Chatham County Board of Elections**,** *et al.* | Case No.: 4:20-cv-00281-RSB-CLR |
| | **Motion to Expedite** |
| *Defendants* | |

## Motion to Expedite

Plaintiffs Rebecca Brooks, Stuart Abel, III, James Martin III, and Nicole Martin (collectively "Voters") pursuant to Federal Rule of Civil Procedure 57, move for this Court to enter an expedited schedule and expedited discovery on Plaintiffs' *Verified Complaint for Declaratory and Injunctive Relief* and an expedited hearing on the merits of the Complaint.

In Voters' good faith efforts to expedite this case, Voters have emailed all pleadings to Defendants' and their counsel when known, in addition to complying with the applicable

requirements regarding service and summons under the Federal Rules of Civil Procedure. All parties were notified of the case immediately after filing.

**Request for Prompt Scheduling Conference**

Voters request a prompt scheduling conference to establish an expedited schedule for the resolution of this case.

**Request for Expedited Schedule**

Voters are irreparably harmed unless this matter is expedited. In voters' Verified Complaint, Voters allege that their U.S. Constitutional right to vote has been infringed by vote dilution because of the number of illegal ballots that were cast and counted in the identified counties which cast the result of the election for Presidential Electors in these counties, and overall in the state, in doubt and unascertainable. Voters have no remedy at law if the presidential-election results from the identified counties are included in the certified and reported totals for election of Presidential Electors from this state. With the Presidential Electors scheduled to be certified by December 8 and to meet and vote on December 14, 2020, there is insufficient time for a new election in the counties involved so the appropriate remedy is to disallow the election results in the identified counties. Moreover, the Electoral College is governed by unique Constitutional and statutory provisions providing special procedures for moving the Electoral College vote along expeditiously since the presidency is at issue. So this case must be resolved expeditiously.

Voters proposed the following expedited schedule:

(1) All discovery requests and responses thereto, and all third party subpoenas and responses thereto shall be completed no later than November 18, 2020;

(2) A trial brief will be filed with the Court by all parties no later than one business day prior to the scheduled trial on the merits;

(3) A trial on the merits to be scheduled the week of November 23, 2020; and

(4) This Court will rule promptly on the matter after the trial on the matter.

**Request for Expedite Discovery**

Voters also will be irreparably harmed if discovery is not expedited, and have shown good cause described herein and in their Verified Complaint for such request. Voter's discovery is needed to perform the complete data analysis fully demonstrating that sufficient illegal ballots were included in the election results in identified counties to change or place in doubt the November 3 presidential-election results. Discovery under the usual timetable will result in delay of Voters ability to gather time-sensitive and currently not publically available data. Expedited discovery is thus necessary for the suit to proceed under the Voter's proposed schedule. For these reasons, Voters request this Court waive certain discovery rules in order to expedite discovery.

Specifically, Voters have presented evidence in their *Verified Complaint for Declaratory and Injunctive Relief* that sufficient illegal ballots were included in the election results in certain counties to alter or to place in doubt the November 3 presidential-election results. In addition to the evidence alleged in the *Verified Complaint*, Voters will provide additional evidence that sufficient illegal ballots were included in the results to change or place in doubt the November 3 presidential-election results. This evidence will be in the form of expert reports based on data

analysis comparing state mail-in/absentee, provisional, and poll-book records for this election, which are currently not publicly available, with state voter-registration databases,[1] United States Postal Service ("USPS") records, Social Security records, criminal-justice records, department-of-motor-vehicle records, and other governmental and commercial sources by using sophisticated and groundbreaking programs to determine the extent of illegal voters and illegal votes, including double votes, votes by ineligible voters, votes by phantom (fictitious) voters, felon votes (where illegal), non-citizen votes, illegal ballot harvesting, and pattern recognition to identify broader underlying subversion of the election results. Voters have persons with such expertise and data-analysis software already in place who have begun preliminary analysis of available data to which final data, not currently publicly available such as the official poll list, will be added and reports generated. However, much of the information necessary for the expert report is not publicly available and is in the hands of Defendants or other government agencies. Expedited discovery is necessary to obtain this information. Voters intend to use expedited discovery to obtain the necessary information which is not publicly available for the expert reports.

Accordingly, Voters request that this Court order expedition of all discovery according to the proposed schedule and waive certain discovery rules that would impede expedited discovery, as follows.

_____

[1] "Poll-book records" and "Poll lists" are  not statutorily defined terms under Georgia law. Voters use these terms to refer to the official record of people who cast ballots in the 2020 general election, either in paper or electronic form. Voter-registration databases includes lists of voters using a Federal Postcard Application to register and vote, and any reports documenting voters contacted to cure rejected ballots.

**Pls.' Mot. to Expedite** 4

(1) Voters request that this Court waive the provisions of Federal Rule of Civil Procedure 26(a)(1) requiring initial disclosure and order that initial disclosure need not be made in order to expedite discovery.

(2) Voters further request that this Court waive the requirements of Federal Rule of Civil Procedure 26(f) that parties must confer before initiating discovery and order that Voters may begin discovery immediately pursuant to Federal Rule of Civil Procedure 26(d)(1).

(3) Voters further request that this Court waive the requirements of Federal Rule of Civil Procedure 45(a)(4) of notice to all parties prior to serving third party subpoenas and permit third party subpoenas to be served immediately without prior notice.

(4) Voters further request that discovery be allowed to proceed irrespective of parties conferring pursuant to LR 26.1(a) and (b), that the requirement for conference, scheduling, and creating a discovery plan be waived, and that discovery may proceed forthwith.

**Conclusion**

For these reasons, Voters respectfully request this Court order:

(1) All discovery requests and responses thereto, and all third party subpoenas and responses thereto, shall be expedited and completed no later than November 18, 2020;

(2) A trial brief will be filed with the Court by all parties no later than one business day prior to the scheduled trial on the merits;

(3) A trial on the merits to be scheduled the week of November 23, 2020,

(4) This Court will rule promptly on the matter after the trial on the matter, and

(5) With respect to discovery,

(a) The Court waives the provisions of Federal Rule of Civil Procedure 26(a)(1) requiring initial disclosure and orders that initial disclosure need not be made in order to expedite discovery.

(b) The Court waives the requirements of Federal Rule of Civil Procedure 26(f) that parties must confer before initiating discovery and orders that Voters may begin discovery immediately pursuant to Federal Rule of Civil Procedure 26(d)(1).

(c) The Court waives the requirements of Federal Rule of Civil Procedure 45(a)(4) of notice to all parties prior to serving third party subpoenas and permits third party subpoenas to be served immediately without prior notice.

(d) The Court orders that discovery be allowed to proceed irrespective of parties conferring pursuant to LR 26.1(a) and (b), that the requirement for conference, scheduling, and creating a discovery plan be waived, and that discovery may proceed forthwith.

Date: November 12, 2020          Respectfully Submitted,
<u>/s/ Ray Smith, III</u>
Attorney Bar Number, GA 662555
SMITH & LISS, LLC
Five Concourse Parkway
Suite 2600
Atlanta, Georgia 30328
Telephone: 404-760-6000
E-Mail: rsmith@smithliss.com

*Local Counsel for Plaintiffs*

James Bopp, Jr.
Attorney Bar Number, IN 2838-84*
*Lead Counsel for Plaintiffs*
Melena S. Siebert
Attorney Bar Number, IN 35061-15*
True the Vote, Inc.
Validate the Vote Project
THE BOPP LAW FIRM, PC
1 South Sixth St.
Terre Haute, IN 47807-3510
Telephone: 812/232-2434
E-Mail: jboppjr@aol.com

*\* Pro Hac Vice forthcoming*

**Pls.' Mot. to**
**Expedite**        7

Case 4:20-cv-00281-RSB-CLR   Document 6   Filed 11/12/20   Page 8 of 11


# Certificate of Service

I hereby certify that on November 12, 2020, I caused the foregoing and all exhibits and attachments thereto in the above-captioned matter to be filed with the United States District Court for the Southern District of Georgia, Savannah Division, via the Court's CM/ECF system. I also hereby certify that I caused the foregoing and all exhibits and attachments thereto in the above-captioned matter to be served via email upon:

**Chatham County, GA Board of Elections**

Chatham County Board of Elections
1117 Eisenhower Dr., Ste. F
Savannah, GA 31406

Thomas Mahoney III, Chairman, tmahoney@tmahoneylaw.com;
Marianne Heimes, Board Member, mjheimes@aol.com;
Malinda Hodge, Board Member, hodgemalinda@aol.com;
Debbie Rauers, Board Member, drauers@aol.com;
Antwan Lang, Board Member
County Attorney: R. Jonathan Hart, Rjhart@chathamcounty.org
(Board of Elections did not have Mr. Antwan Lang's email on file; County Attorney R. Jonathan Hart was served via email)

**DeKalb County Board of Registrations and Elections**

DeKalb County Government Offices
1300 Commerce Dr.
Decatur, GA 30030

Anthony Lewis, Board Member, antlewis@dekalbcountyga.gov;
Susan Motter, Board Member, smotter@dekalbcountyga.gov;
Dele Lowman Smith, Board Member, dlsmith@dekalbcountyga.gov;
Samuel E. Tillman, Board Chair, setillman@dekalbcountyga.gov;
Becky Vu, Board Member, baokyvu@dekalbcountyga.gov;
County Attorney: Viviane H. Ernstes, vernstes@dekalbcountyga.gov

**Pls.' Mot. to**
**Expedite**                    8

## Certificate of Service (cont'd)

**Fulton County Registration and Elections Board**

Fulton County Government Address:
141 Pryor St. SW
Atlanta, GA 30303

Mary Carole Cooney, Chairperson, mccooney@mindspring.com;
Vernetta Keith Nuriddin, Vice Chair, vernettanuriddin@live.com
Kathleen Ruth, Member, drkayruth@icloud.com;
Aaron Johnson, Member, aaronvjohnson@yahoo.com;
Mark Wingate, Member wingate01md@gmail.com;
County Attorney: Patrise M. Perkins-Hooker patrise.perkins-hooker@fultoncountyga.gov


**Clayton County, GA Board of Elections and Registration**

Elections and Registration
Jonesboro Historical Courthouse - Main Floor
121 S. McDonough St.
Jonesboro, GA 30236


Carol Wesley, Chair ccwesley7@gmail.com;
Dorothy Foster Hall, Vice Chair, hallfosterd@hotmail.com;
Patricia Pullar, Member, pat.pullar@gmail.com;
Darlene Johnson, Member, ddgirl533@gmail.com;
Diane Givens, Secretary, dianegivens3@gmail.com;
County Attorney: Charles Reed, charles.reed@claytoncountyga.gov

**Pls.' Mot. to
Expedite**                                    9

## **Certificate of Service (cont'd)**

**Gwinnett County, GA Board of Registrations and Elections**
Gwinnett Justice & Administration Center
75 Langley Dr.
Lawrenceville, GA 30046

John Mangano, Chairman, john.mangano@gwinnettcounty.com;
Ben Satterfield, Vice Chairman, ben.satterfield@gwinnettcounty.com;
Wandy Taylor, Member, wandy.taylor@gwinnettcounty.com;
Stephen W. Day, Member, stephen.day@gwinnettcounty.com;
Alice O'Lenick, Member, alice.olenick@gwinnettcounty.com;
County Attorney: Mike Ludwiczak, mike.ludwiczak@gwinnettcounty.com

**Cobb County, GA Board of Elections and Registration**
736 Whitlock Ave. NW, Ste. 400
Marietta, GA 30064

Attorneys for the Cobb Board:

Greg Litchfield, gel@hlcwlaw.com
Dan White, dwhite@hlcwlaw.com

**Richmond County, GA Board of Elections**

Richmond County Board of Elections
535 Telfair St., Ste. 500
Augusta, GA 30901

Tim McFalls, Chairperson
Sherry T. Barnes, Vice Chair
Marcia Brown, Secretary
Terence Dicks, Board Member
Bob Finnegan, Board Member

Individual Board Member email addresses not published; all filings sent to the Richmond County
Attorney, Wayne Brown at: wbrown@augustaga.gov

## Certificate of Service (cont'd)

**Henry County, GA Board of Elections and Registration**
Henry County Administration Building
140 Henry Pkwy.
McDonough, GA 30253

Donna Morris-McBride, Chair, dmcbride@co.henry.ga.us;
Andy Callaway, Co-Chair, ccallaway@co.henry.ga.us;
Arch Brown, Board Member, archbrown@co.henry.ga.us;
Mildred Schmelz, Board Member, mschmelz@co.henry.ga.us;
County Attorney: Patrick Jaugstetter (Jarrard & Davis, L.L.P.), patrickj@jarrard-davis.com


Secretary of State Brad Raffensperger – brad@sos.ga.gov and soscontact@sos.ga.gov
214 State Capitol
Atlanta, Georgia 30334
Governor Brian Kemp – brian.kemp@georgia.gov
206 Washington St., Ste. 203
State Capitol
Atlanta, GA 30334


Attorney General Chris Carr – ccarr@georgia.org and ccarr@law.ga.gov
40 Capitol Square, SW
Atlanta, GA 30334


/s/ Ray Smith, III
Ray Smith, III
Local Counsel for Plaintiffs

**Pls.' Mot. to
Expedite**                          11