# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| Rebecca Brooks, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Thomas Mahoney III, et al.,<br><br>　　　　Defendants. | CIVIL ACTION NO. 20-cv-00281 |

**PROPOSED INTERVENOR-DEFENDANT'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Proposed Intervenor-Defendant the Democratic Party of Georgia ("DPG"), by and through its attorneys, answers Plaintiffs' complaint for declaratory and injunctive relief as set forth below. Unless expressly admitted, each allegation in the complaint is denied, and DPG demands strict proof thereof.

**INTRODUCTION**

1.   Paragraph 1 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DPG denies the same.

2.   Paragraph 2 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  Intervenor DPG further denies that Plaintiffs are entitled to any of the relief they seek.

## JURISDICTION AND VENUE

3. Paragraph 3 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DPG denies the same.

4. In response to paragraph 4 of Plaintiffs' complaint, DPG denies that this Court has subject-matter jurisdiction.

5. Paragraph 5 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

## PARTIES

6. In response to paragraph 6 of Plaintiffs' complaint, DPG lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied.

7. In response to paragraph 7 of Plaintiffs' complaint, DPG lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied.

8. In response to paragraph 8 of Plaintiffs' complaint, DPG lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied.

9. In response to paragraph 9 of Plaintiffs' complaint, DPG lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied.

10. In response to paragraph 10 of Plaintiffs' complaint, DPG lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied.

11. Paragraph 11 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DPG lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied.

12. In response to paragraph 12 of Plaintiffs' complaint, DPG admits that Thomas Mahoney III, Marianne Heimes, Malinda Hodge, Antwan Lang, and Debbie Rauers are members of the Chatham County Board of Elections. Paragraph 12 of Plaintiffs' complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DPG denies the same.

13. In response to paragraph 13 of Plaintiffs' complaint, DPG admits that Anthony Lewis, Susan Motter, Dele Lowman Smith, and Samuel E. Tillman are members of the DeKalb County Board of Elections. DPG denies that **Becky** Vu is a member of the DeKalb County Board of Elections; instead, **Boaky** N. Vu is listed on the Board's website as a Republican member of the DeKalb County Board of Elections. Paragraph 13 of Plaintiffs' complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

14. In response to paragraph 14 of Plaintiffs' complaint, DPG admits that Mary Carole Cooney, Vernetta Keith Nuriddin, Kathleen Ruth, Aaron Johnson, and Mark Wingate are members of the Fulton County Board of Elections. Paragraph 14 of Plaintiffs' complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

15. In response to paragraph 15 of Plaintiffs' complaint, DPG admits that Carol Wesley, Dorothy Foster Hall, Patricia Pullar, Darlene Johnson, and Diane Givens are members of the Clayton County Board of Elections. Paragraph 15 of Plaintiffs' complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

16. In response to paragraph 16 of Plaintiffs' complaint, DPG admits that John Mangano, Ben Satterfield, Stephen W. Day, Dr. Wandy Taylor, and Alice O'Lenick are members of the Gwinnett County Board of Elections. Paragraph 16 of Plaintiffs' complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

17. In response to paragraph 17 of Plaintiffs' complaint, DPG admits that Phil Daniell, Fred Aiken, Pat Gartland, Jessica M Brooks, and Darryl O. Wilson are members of the Cobb County Board of Elections. Paragraph 17 of Plaintiffs' complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

18. In response to paragraph 18 of Plaintiffs' complaint, DPG admits that Tim McFalls, Sherry T. Barnes, Marcia Brown, Terence Dicks, and Bob Finnegan are members of the Richmond County Board of Elections. Paragraph 18 of Plaintiffs' complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

19. In response to paragraph 19 of Plaintiffs' complaint, DPG admits that Donna Morris-McBride, Andy Callaway, Arch Brown, and Mildred Schmelz are members of the Henry County Board of Elections. Paragraph 19 of Plaintiffs' complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

20. In response to paragraph 20 of Plaintiffs' complaint, DPG admits that Brad Raffensperger is the Secretary of State of the State of Georgia. Paragraph 20 of Plaintiffs' complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

21. In response to paragraph 21 of Plaintiffs' complaint, DPG admits that Brian Kemp is the Governor of the State of Georgia. Paragraph 21 of Plaintiffs' complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

## FACTUAL ALLEGATIONS

22. Paragraph 22 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

23. Paragraph 23 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. DPG responds that the Secretary of State's website and publicly reported election data speaks for itself. DPG denies each other or different allegation.

24. DPG responds that the Secretary of State's website and publicly reported election data speaks for itself. DPG denies each other or different allegation.

25. DPG responds that the Secretary of State's website and publicly reported election data speaks for itself. DPG denies each other or different allegation.

26. DPG responds that the Secretary of State's website and publicly reported election data speaks for itself. DPG denies each other or different allegation.

27. DPG responds that the Secretary of State's website and publicly reported election data speaks for itself. DPG denies each other or different allegation.

28. DPG responds that the Secretary of State's website and publicly reported election data speaks for itself. DPG denies each other or different allegation.

29. DPG responds that the Secretary of State's website and publicly reported election data speaks for itself. DPG denies each other or different allegation.

30. DPG responds that the Secretary of State's website and publicly reported election data speaks for itself. DPG denies each other or different allegation.

31. DPG responds that the Secretary of State's website and publicly reported election data speaks for itself. DPG denies each other or different allegation.

32. DPG responds that the Secretary of State's website and publicly reported election data speaks for itself. DPG denies each other or different allegation.

33. Denied.

34. Denied. The Michigan Department of State has explained that the "issues in the unofficial vote counts in Michigan's Antrim and Oakland counties were caused by human error, not software glitches." *See* Nicole Perlroth, *No, Software Glitches Are Not Affecting Vote Counts*, NEW YORK TIMES (Nov. 9, 2020), https://www.nytimes.com/2020/11/09/technology/no-software-glitches-are-not-affecting-vote-counts.html. The software issues that delayed the opening of polling places in Morgan and Spalding Counties in Georgia on Election Day did not affect ballot marking devices or casting of ballots at all; the delays were the result of issues with the Poll Pad devices used by election officials throughout Georgia to check voters into their polling place. *Id*.

35. DPG lacks sufficient information to admit or deny the allegations in this paragraph of the Complaint and on that basis denies same.

36. DPG lacks sufficient information to admit or deny the allegations in this paragraph of the Complaint and on that basis denies same.

37. DPG lacks sufficient information to admit or deny the allegations in this paragraph of the Complaint and on that basis denies same.

38. DPG lacks sufficient information to admit or deny the allegations in this paragraph of the Complaint and on that basis denies same.

39. DPG lacks sufficient information to admit or deny the allegations in this paragraph of the Complaint and on that basis denies same.

40. DPG lacks sufficient information to fully admit or deny the allegations in this paragraph of the Complaint and on that basis denies same, but notes that even upon cursory review, the Judicial Watch study upon which Plaintiffs rely appears flawed as it includes both active and inactive registrants, thereby inflating the number of registrants. Similarly, the population estimates rely on data from the American Community Survey, which is a five-year estimate that lags behind actual population estimates in growing counties, artificially deflating such estimates.

41. DPG lacks sufficient information to admit or deny the allegations that Plaintiffs allege have been reported by "Just Facts," and on that basis denies same, but notes that even upon cursory review, the "Just Facts" report references and appears to rely on a study of non-citizen registration and voting that the United States District Court for the District of Kansas found to have errors that would not support the conclusion that noncitizens registered or attempted to register. *See Fish v. Kobach*, 309 F.Supp.3d. 1048, 1087-1088 (D. Kan. 2018), *aff'd sub. nom. Fish v. Schwab*, 957 F.3d 1105 (10th Cir. 2020). DPG further states that Georgia law regarding requirements to register to vote speaks for itself and denies each other or different allegation. All remaining allegations in Paragraph 41 are denied. To the extent a response is required, DPG denies the same.

42. Admitted that Secretary Raffensperger has ordered a hand count of all votes cast in the presidential race. The Wall Street Journal Article cited in Paragraph 42 speaks for itself.

43. Denied. Instead, multiple news outlets and fact checking operations have reported that "[s]ocial media posts spread by Trump campaign officials suggest that voter fraud may have occurred in Georgia, based on the claim that President-elect Joe Biden secured nearly 100,000 votes through ballots that were 'ONLY' cast for Biden — and not for any candidates in other races" is false and "rests on a flawed assessment of vote tallies." *See* Angelo Fichera, *Faulty Claim About 'Biden-Only' Ballots in Georgia*, FACTCHECK.ORG (Nov. 11, 2020), https://www.factcheck.org/2020/11/faulty-claim-about-biden-only-ballots-in-georgia/; *see also* Dan McLaughlin, *No, There Were Not 95,000 Biden-Only Ballots in Georgia*, THE NATIONAL REVIEW (Nov. 11, 2020), https://www.nationalreview.com/corner/no-there-were-not-95000-biden-only-ballots-in-georgia/.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

## COUNT I

48. DPG incorporates its responses to the foregoing paragraphs as if fully set forth herein.

49. Denied.

50. Denied.

51. Paragraph 51 of Plaintiffs' complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent Plaintiffs'

characterization and interpretation of the cited law differs from the text of the cited cases, DPG denies the allegations.

52. Paragraph 52 of Plaintiffs' complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent Plaintiffs' characterization and interpretation of the cited law differs from the text of the cited cases, DPG denies the allegations.

53. Denied.

54. DPG denies Plaintiffs have standing. The remaining allegations of Paragraph 54 of Plaintiffs' complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent Plaintiffs' characterization and interpretation of the cited law differs from the text of the cited cases, DPG denies the allegations. All other allegations are denied.

55. Denied.

56. Paragraph 56 of Plaintiffs' complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent Plaintiffs' characterization and interpretation of the cited law differs from the text of the cited cases, DPG denies the allegations.

57. Paragraph 57 of Plaintiffs' complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent Plaintiffs' characterization and interpretation of the cited law differs from the text of the cited cases, DPG denies the allegations.

58. Paragraph 58 of Plaintiffs' complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent Plaintiffs'

characterization and interpretation of the cited law differs from the text of the cited cases and statutory provisions, DPG denies the allegations.

59. Paragraph 59 of Plaintiffs' complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent Plaintiffs' characterization and interpretation of the cited law differs from the text of the cited cases, DPG denies the allegations.

60. Paragraph 60 of Plaintiffs' complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent Plaintiffs' characterization and interpretation of the cited law differs from the text of the cited cases, DPG denies the allegations.

61. Denied.

62. Denied.

## PRAYER FOR RELIEF

63. DPG denies that Plaintiffs are entitled to a declaration because Plaintiffs have not identified illegal votes in any counties in Georgia.

64. DPG denies that Plaintiffs' requested declaratory relief is proper. DPG further denies that Plaintiffs are entitled to a declaration that excludes any votes cast in the Defendant counties.

65. DPG denies that Plaintiffs are entitled to a declaration regarding sufficiency of the evidence because DPG denies that Plaintiffs have shown sufficient evidence to establish the allegations in their complaint.

66. DPG denies that Plaintiffs are entitled to an injunction barring Defendants from continuing with the certification process.

67. DPG denies that Plaintiffs are entitled to costs and fees under 42 U.S.C ¶ 1988.

68. DPG denies that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

DPG asserts the following affirmative defenses without accepting any burdens regarding them:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because this Court lacks jurisdiction to adjudicate Plaintiffs' claims.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert their claims.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable doctrine of laches.

DPG reserves the right to assert any further defenses that may become evident during the pendency of this matter.

## PROPOSED INTERVENORS' REQUEST FOR RELIEF

Having answered Plaintiffs' complaint, DPG requests that the Court:

1. Deny Plaintiffs are entitled to any relief;

2. Dismiss Plaintiffs' complaint with prejudice;

3. Award DPG its costs and attorneys' fees incurred in defending against Plaintiffs' claims in accordance with 42 U.S.C. § 1988; and

4. Grant such other and further relief as this Court deems just and proper.

Dated: November 13, 2020.                    Respectfully submitted,

/s/ TODD M. BAIAD
Todd M. Baiad
Georgia Bar No: 031605
Lucas D. Bradley
Georgia Bar No: 672136
One West Park Avenue (31401)
P.O. Box 2139
Savannah, GA 31402-2139
Telephone: (912) 232-7000
Facsimile: (912) 233-0811
tmbaiad@bouhan.com
ldbradley@bouhan.com

Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Joyce Gist Lewis
Georgia Bar No. 296261
KREVOLIN & HORST, LLC
One Atlantic Center
1201 West Peachtree Street, NW
Suite 3250 | Atlanta, GA 30309
Tel: 404-888-9700
hknapp@khlawfirm.com
jlewis@khlawfirm.com

Marc E. Elias*
Amanda R. Callais*
Alexi M. Velez*
Emily R. Brailey*
PERKINS COIE LLP
700 Thirteenth Street NW, Suite 800
Washington, DC 20005
Telephone: (202) 654-6200
melias@perkinscoie.com
acallais@perkinscoie.com
avelez@perkinscoie.com
ebrailey@perkinscoie.com

Kevin J. Hamilton*
Amanda J. Beane*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101

Telephone: (206) 359-8000
khamilton@perkinscoie.com
abeane@perkinscoie.com

Gillian C. Kuhlmann*
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: (310) 788-3900
gkuhlmann@perkinscoie.com

Matthew J. Mertens
Georgia Bar No: 870320
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, Oregon 97209
Telephone: (503) 727-2000
mmertens@perkinscoie.com

*Counsel for Proposed Intervenor-Defendant*

\**Pro Hac Vice Application Pending*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the November 13, 2020, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

                                             s/ TODD M. BAIAD
                                             Todd M. Baiad
                                             Georgia Bar No: 031605
                                             One West Park Avenue (31401)
                                             P.O. Box 2139
                                             Savannah, GA 31402-2139
                                             Telephone: (912) 232-7000
                                             Facsimile: (912) 233-0811
                                             tmbaiad@bouhan.com