**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| Rebecca Brooks, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Thomas Mahoney III, et al.,<br><br>　　　　Defendants. | CIVIL ACTION NO. 20-cv-00281 |

**PROPOSED DEFENDANT-INTERVENOR'S OPPOSITION TO PLAINTIFFS'
MOTION TO EXPEDITE SCHEDULE AND DISCOVERY**

**I. INTRODUCTION**

Georgia is in the midst of an unprecedented manual recount of its nearly 5 million ballots cast in the 2020 presidential election, which is the first statewide manual recount of paper ballots in Georgia's history.[1] Weary election officials—having just successfully overseen an election with record voter turnout—now must orchestrate and implement a novel process to count these 5 million ballots by 11:59 P.M. on Wednesday, November 18.[2] The logistical challenges facing election officials would be extraordinary even under ideal circumstances. Fulton County, for instance, needs at least 300 people working 10-hour days to finish its manual recount of 528,000 ballots before Wednesday.[3]

Against this backdrop, and based on the flimsiest of "evidence" attached to the verified Complaint, such as citations to fringe news articles and disproven studies, Plaintiffs contend there

---

[1] Mark Niesse, *Recount teams assemble for manual review of Georgia election results*, Atlanta Journal Constitution (Nov. 12, 2020), https://www.ajc.com/politics/recount-teams-assemble-for-manual-review-of-georgia-election-results/V22J6ZW66VESNHW77WJ2ZZ35WY/.
[2] *Id.*
[3] *Id.*

was massive fraud in the 2020 Georgia presidential election. Plaintiff then posit that this massive fraud entitles them to a Court order authorizing immediate, carte blanche discovery of a breathtaking amount of information from the counties by November 18, while the counties are in the midst of recounting millions of ballots and certifying their election results, and to a trial on the merits the week of November 23.

Never mind that Brad Raffensperger, the Republican Secretary of State, has publicly rejected allegations of widespread fraud[4]; that Geoff Duncan, the Republican Lieutenant Governor, says there are no credible examples of voter fraud in Georgia[5]; that Brian Kemp, the Republican Governor, tweeted regarding the recount, "Georgia's election result will include legally cast ballots - and ONLY legally cast ballots. Period"[6]; or that the Department of Homeland Security called the 2020 presidential election "the most secure in American history."[7] Plaintiffs nonetheless contend

---

[4] *E.g.*, Elizabeth Elkind, *Georgia Voter Fraud Probes Won't Change Projected Biden Victory, Secretary of State Says*, CBS News (Nov. 12, 2020), https://www.cbsnews.com/news/election-biden-georgia-voter-fraud-secretary-of-state/ ("At the end of the day, we don't see widespread voter fraud, but we will investigate every case we hear."); Justin Gray, *Secretary of State Maintains No Statewide Voter Fraud Going on Amid Calls for His Resignation*, WSB-TV (Nov. 10, 2020), https://www.wsbtv.com/news/politics/secretary-state-maintains-no-statewide-voter-fraud-going-amid-calls-his-resignation/WNSMO2Q3W5FN7BGW3XLWSTDGAY/ ("We haven't found any widespread fraud. We will investigate every single case that voters bring to us,"); Dale Russell, *Georgia Secretary of State finds no sign of widespread fraud in election*, Fox 5 Atlanta (November 11, 2020), https://www.fox5atlanta.com/news/georgia-secretary-of-state-finds-no-sign-of-widespread-fraud-in-election ("I understand half of the people will be happy, half of the people will be sad, but I want 100% of the people to understand that the process was fair and accurately counted.").

[5] Chandelis Duster, *Georgia GOP lieutenant governor says 'no credible examples' of voter fraud*, CNN.com (November 9, 2020), https://www.cnn.com/2020/11/09/politics/geoff-duncan-georgia-election-fraud-cnntv/index.html ("We've not had any sort of credible incidents raised to our level yet and so we'll continue to make sure that the opportunity to make sure every legal ballot is counted is there, but you know at this point, we've not seen any sort of credible examples.").

[6] Brian Kemp (@BrianKempGA), Twitter (2:58 PM, Nov. 9, 2020), https://twitter.com/briankempga/status/1325890553536516097.

[7] *Joint Statement From Elections Infrastructure Government Coordinating Council & The Election Infrastructure Sector Coordinating Executive Committees,* (November 12, 2020),

that massive fraud has occurred under these officials' collective noses—fraud that Plaintiffs claim unidentified experts will unearth, using unknown and unspecified methods, as soon as the counties interrupt their ongoing recount to provide Plaintiffs with volumes of unidentified and unspecified documents and information.

Plaintiffs' position is not only hugely burdensome, it is legally meritless and should be rejected by this Court. Proposed Intervenor Democratic Party of Georgia ("DPG") requests that the Court deny the Motion to Expedite and grant DPG's Motion to Intervene and proposed Motion to Dismiss.

## II. ARGUMENT

### A. Legal Standard

The Federal Rules of Civil Procedure provide that discovery may commence before the parties have engaged in a discovery conference if ordered by the court. Fed. R. Civ. P. 26(d) and (f). "The control of discovery is committed to the sound discretion of the trial court." *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1322 (11th Cir. 2004). *See also* LR 26.1 (setting forth standard local time periods for discovery conferences and post-conference discovery).

Although the Eleventh Circuit Court of Appeals has not set forth a standard governing expedited discovery, "several district courts within the Eleventh Circuit have expressly used a general 'good cause' standard when confronted with [such] requests[.]" *Davis v. Collins*, No. 1:18-CV-03345-AT, 2018 WL 6163154, at *2 (N.D. Ga. Aug. 24, 2018) (citations omitted). Good cause may be found where the need for expedited discovery, in consideration of the administration of

---

https://www.cisa.gov/news/2020/11/12/joint-statement-elections-infrastructure-government-coordinating-council-election ("The November 3rd election was the most secure in American history . . . *There is no evidence that any voting system deleted or lost votes, changed votes, or was in any way compromised***.**") (emphasis in original.)

- 3 -

justice, outweighs the prejudice to the responding party. *Thompson Ins. Enterprises, Inc. v. LIPCA, Inc.*, No. 1:07-CV-1126-CAP, 2007 WL 9706825, at *6 (N.D. Ga. June 26, 2007).

### B. The Motion to Expedite should be denied in its entirety.

Plaintiffs' Motion to Expedite is a meritless attempt to shore up a Complaint devoid of plausible facts, imposing enormous, unjustifiable burdens on elections officials already faced with significant challenges. Instead of pleading their claims based on actual evidence, Plaintiffs effectively concede that, as of yet, they have nothing substantial, and ask—based on their speculation that, if empowered by this Court to engage in a fishing expedition, they may turn up something, anything, to support their claims—for authorization to engage in wide-ranging and unduly burdensome discovery on an expedited timeframe that would involve the production of huge quantities of documents and information: absentee, provisional and poll book records for the 2020 election; records pertaining to Georgia state voter registration database; USPS records; criminal justice records; DMV records; and records from other commercial and governmental sources. Mot. at *4. The burden on county officials to provide this discovery by November 18 (to the extent it is even in their possession) would be extraordinary and would imperil the DPG's interests and those of its members and constituents in a timely and accurate manual recount.

Plaintiffs allege that "upon information and belief," such discovery will provide a basis for certain unidentified expert analysis that will support their claims, yet do not provide any information about their alleged experts or the "sophisticated and groundbreaking programs" these experts will use to ascertain massive and heretofore undiscovered instances of voter fraud. The Motion to Expedite presupposes that the requested discovery "will provide additional evidence that sufficient illegal ballots were included in the results to change or place in doubt the November 3 presidential-election results." Mot. at *3. This contention may be charitably described as wildly

speculative. The prejudice that expedited discovery would impose on county officials (and by extension, the DPG's interests and those of its members and constituents) in a timely and accurate recount) is emphatically not. Given the indisputable prejudice arising from expedited discovery, the Court should reject not just Plaintiffs' motion, but their entire Complaint. *See Gibbons v. McBride*, 124 F. Supp. 3d 1342, 1358 (S.D. Ga. 2015) (dismissing claims under Fed. R. Civ. P. 12(b)(6) because "the Court will not enable a fishing expedition").

The interests of justice militate heavily in favor of allowing Georgia's elections officials to accurately and quickly complete their unprecedented manual recount of millions of ballots, *without* worrying about preparing for trial on the same spurious claims that the same out-of-state counsel has filed in three other states in the past two days.[8] The Motion should be denied, and the Court should take up and grant the DPG's Motion to Dismiss filed concurrently. *See Davis v. Collins*, No. 1:18-CV-03345-AT, 2018 WL 6163154, at *2 (N.D. Ga. Aug. 24, 2018) (denying motion to expedite when plaintiff fails to present any factual or legal basis as to why expedited discovery is warranted and when defendant's motion to dismiss is pending).

## CONCLUSION

For the reasons stated herein, the Motion to Expedite should be denied.

Dated: November 13, 2020.　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ TODD M. BAIAD
　　　　　　　　　　　　　　　　　　　　Todd M. Baiad
　　　　　　　　　　　　　　　　　　　　Georgia Bar No: 031605
　　　　　　　　　　　　　　　　　　　　Lucas D. Bradley
　　　　　　　　　　　　　　　　　　　　Georgia Bar No: 672136
　　　　　　　　　　　　　　　　　　　　BOUHAN FALLIGANT LLP
　　　　　　　　　　　　　　　　　　　　One West Park Avenue (31401)

---

[8] *See Bally, et al. v. Whitmer, et al.*, No. 1:20-cv-01088-JTN-PJG (W.D. Mich. filed Nov. 11, 2020); *Pirkle, et al. v. Wolf, et al.*, No. 4:20-cv-02088-MWB (M.D. Pa. filed Nov. 12, 2020); *Langenhorst, et al. v. Pecore, et al.*, No. 1:20-cv-01701-WCG (E.D. Wis. Filed Nov. 12, 2020).

P.O. Box 2139
Savannah, GA 31402-2139
Telephone: (912) 232-7000
Facsimile: (912) 233-0811
tmbaiad@bouhan.com
ldbradley@bouhan.com

Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Joyce Gist Lewis
Georgia Bar No. 296261
KREVOLIN & HORST, LLC
One Atlantic Center
1201 West Peachtree Street, NW
Suite 3250 | Atlanta, GA 30309
Tel: 404-888-9700
hknapp@khlawfirm.com
jlewis@khlawfirm.com

Marc E. Elias*
Amanda R. Callais*
Alexi M. Velez*
Emily R. Brailey*
PERKINS COIE LLP
700 Thirteenth Street NW, Suite 800
Washington, DC 20005
Telephone: (202) 654-6200
melias@perkinscoie.com
acallais@perkinscoie.com
avelez@perkinscoie.com
ebrailey@perkinscoie.com

Kevin J. Hamilton*
Amanda J. Beane*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone: (206) 359-8000
khamilton@perkinscoie.com
abeane@perkinscoie.com

Gillian C. Kuhlmann*
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: (310) 788-3900

- 6 -

gkuhlmann@perkinscoie.com

Matthew J. Mertens
Georgia Bar No: 870320
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, Oregon 97209
Telephone: (503) 727-2000

*Counsel for Proposed Intervenor-Defendant*
*\*Pro Hac Vice Application Pending*

## CERTIFICATE OF SERVICE

I hereby certify that on the November 13, 2020, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

s/ TODD M. BAIAD
Todd M. Baiad
Georgia Bar No:  031605
BOUHAN FALLIGANT LLP
One West Park Avenue (31401)
P.O. Box 2139
Savannah, GA 31402-2139
Telephone: (912) 232-7000
Facsimile: (912) 233-0811
tmbaiad@bouhan.com
